**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, ) | CR-04-111-PHX-JAT (LOA) |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Cardell Francis, ) | |
| ) | |
| Defendant. ) | |
| ) | |

The Court has received and considered Defendant's Second (Unopposed) Motion to Continue Admit/Deny Hearing. (Doc. 90)

**I. Background**

On July 3, 2012, Defendant was arrested for allegedly violating the terms of his supervised release. After an initial appearance in Flagstaff, Defendant was detained on July 5, 2012 and transported to Phoenix. On July 12, 2012, a preliminary revocation hearing was held and Defendant was held to answer to the allegations in the petition. (Doc. 85) The Court appointed defense counsel on July 16, 2012 at Defendant's initial appearance in Phoenix. At defense counsel's request, the date of August 6, 2012 was selected for an admit/deny or possible revocation hearing. (Doc. 87)  On July 27, 2012, the Court granted Defendant's First Motion to Continue Admit/Deny Hearing, and continued the hearing for three weeks, to a date requested by defense counsel, from August 6, 2012 to August 27, 2012. (Doc. 88)  On the Court's own motion, and because

of the delay in this case since Defendant's arrest, the matter was reset from an admit/deny hearing to a revocation hearing, keeping open the option of conducting an admission upon Defendant's request with fair notice to the Government so it may cancel any hearing witnesses. (Doc. 89) Defense counsel now requests another continuance "to a different date as undersigned counsel is scheduled to be out of town." (Doc. 90) Defense counsel, however, fails to provide a date and time when he is available for a reset hearing, fails to explain the nature of his being out of town, fails to explain why he was available in late July for an August 27, 2012 hearing, but he apparently is not now available, and, most importantly, does not indicate whether Defendant consents to the continuance or whether counsel has even discussed a continuance with his detained client.

## II. Timeliness of Revocation Hearings

"A district court may revoke a term of supervised release only if it 'finds by a preponderance of the evidence that the defendant violated a condition of supervised release.'"[1] *United States v. Perez*, 526 F.3d 543, 547 (9th Cir. 2008) (citing 18 U.S.C. § 3583(e)(3); *Morrissey v. Brewer*, 408 U.S. 471, 484 (1972) (holding a revocation cannot stand on "erroneous information"); *United States v. Martin*, 984 F.2d 308, 310 (9th Cir. 1993) (holding a revocation of supervised release must be "based on verified facts"). Although this is a lower standard than the beyond-a-reasonable-doubt standard required for a criminal conviction, there must still be credible evidence the releasee actually violated the terms of supervised release. *Id.* Supervised release revocation hearings, however, are informal proceedings in which the rules of evidence, including those pertaining to hearsay, need not be strictly applied. Fed.R.Evid. 1101(d)(3); *United States v. Walker*, 117 F.3d 417, 421 (9th Cir. 1997); *United States v. Doswell*, 670 F.3d 526, 530 (4th Cir. 2012).

---

[1] "Parole, probation, and supervised release revocation hearings are constitutionally indistinguishable and are analyzed in the same manner." *United States v. Hall*, 419 F.3d 980, 987 n. 4 (9th Cir. 2005) (citation omitted)

- 2 -

Federal Rule of Criminal Procedure 32.1(b)(2) mandates a district court "must hold the revocation hearing *within a reasonable time* in the district having jurisdiction." Rule 32.1(b)(2), Fed.R.Crim.P. (emphasis added). Rule 32.1(b)(2), however, does not address what constitutes a "reasonable time" or establish the standard to meet to authorize a continuance once a revocation hearing has been set.

According to the Advisory Committee's Notes to 32.1(b)(2)'s predecessor, Rule 32.1(a)(2),

> [m]andates a final revocation hearing within a reasonable time to determine whether the probationer has, in fact, violated the conditions of his probation and whether his probation should be revoked. Ordinarily this time will be measured from the time of the probable cause finding (if a preliminary hearing was held) or of the issuance of an order to show cause. *However, what constitutes a reasonable time must be determined on the facts of the particular case, such as whether the probationer is available or could readily be made available.*

Rule 32.1(a)(2), advisory committee's notes; *see also United States v. Santana*, 2007 WL 1125684, at *2 (S.D. Cal. April 16, 2007).

Few Ninth Circuit cases discuss what constitutes a reasonable time to conduct a revocation hearing. In *United States v. Clements*, 78 Fed.Appx. 640 (9th Cir. 2003), Rule 32.1(b)(2) was described by one concurring circuit judge as "a type of speedy-trial rule for all probation and supervised-release revocation hearings." 78 Fed.Appx. 640, at *1. In *Clements*, the majority found the six-month delay from execution of the arrest warrant to the order to show cause hearing was not an unreasonable delay under the circum-stances, citing *United States v. Hill*, 719 F.2d 1402, 1404-05 (9th Cir. 1983) and *United States v. Hamilton*, 708 F.2d 1412, 1415 (9th Cir. 1983).

The First Circuit indicated that "[r]easonableness has a protean quality. What is reasonable in one set of circumstances may be unreasonable in another set of circum-stances." *United States v. Pagan-Rodriguez*, 600 F.3d 39 (1st Cir. 2010) (finding district court's one-year delay before holding the final revocation hearing pending resolution of the local narcotics charges was objectively unreasonable as a matter of law.).

Generally, the district court may extend the time period for performing a

- 3 -

particular act upon a showing of good cause. Fed.R.Crim.P. 45(b)(1)(A).[2] Like 18 U.S.C. § 3142(f), neither Rule 45 nor Rule 32.1(b)(2) define "good cause" for continuing a revocation hearing, especially in the context of a defendant's request to continue his own revocation hearing. It is clear, however, that the "[c]onvenience of the court and its scheduling problems . . . generally do not constitute good cause[]" for a detention hearing. *United States v. Wimberly*, 648 F.Supp. 1572, 1575 (D.Nev. 1986) (citing *United States v. Al-Azzawy*, 768 F.2d 1141, 1146 (9th Cir. 1985), rejected on other grounds by, *Montalvo-Murillo*, 495 U.S. 711 (1990); *United States v. Hurtado*, 779 F.2d 1467, 1476 (11th Cir. 1985); *United States v. Nance*, 666 F.2d 353, 358 (9th Cir. 1982), *cert. denied*, 456 U.S. 918 (1982) (Speedy Trial Act case)). Additionally, "a continuance to suit the schedule of counsel for a detained individual is not a continuance for good cause, at least in the absence of a showing that no other lawyer is available to handle an earlier hearing, that the time is in fact necessary for preparation, or of some other valid reason clearly set forth in the record." *Al-Azzawy*, 768 F.2d at 1146.

### III. Discussion

The Court finds it unnecessary to grapple with what constitutes a reasonable time within which to conduct Defendant's revocation hearing under the circumstances presented here. Like the facts in *Al-Azzawy*, there has been no showing of good cause to continue Defendant's revocation hearing. The fact that defense counsel now has an unknown calendar conflict, possibly personal in nature created after he requested the prior revocation hearing to be reset to August 27, 2012, and requests another revocation hearing continuance simply because he "is scheduled to be out of town" does not constitute good cause under any fair and reasonable interpretation of the terms.

Good cause not appearing,

---

[2] Federal Rule of Criminal Procedure 45(b)(1)(A) provides that "[w]hen an act must or may be done within a specified period, the court on its own may extend the time, or for good cause may do so on a party's motion made . . . before the originally prescribed or previously extended time expires; . . . ."

**IT IS ORDERED** that Defendant's Second (Unopposed) Motion to Continue Admit/Deny Hearing., doc. 90, is **DENIED**.

Dated this 10th day of August, 2012.

Lawrence O. Anderson
United States Magistrate Judge